## BROWN *v.* CLARK.

A magistrate had taken a deposition, and enclosed it to the court without a proper or full certificate; for which defect in the caption exceptions were filed to the deposition, under the rule of court. Subsequently, the magistrate forwarded a more perfect certificate, or caption, which it was proposed to annex to the deposition as an amendment of, or substitute for, the original certificate.—*Held,* that the appropriate practice would be, to return the whole deposition to the magistrate, for a new certificate or proper amendment, to be by him annexed to the deposition, sealed up with the deposition, the whole to be duly certified, and directed to the court where the deposition was to be used.

On the first day of the November term, 1860, the plaintiff filed the deposition of one Amos Brown, in an envel-

ope directed to the court, and notified the defendant thereof. There was no caption with said deposition, but after the deponent's signature was the following:

" Teekalet, Kitsop County, Washington Territory, September 20, 1859. Personally appeared the above named Amos Brown, and made oath that the above affidavit by him subscribed is true.—Before me,

GEO. WELLS, *Justice of the Peace.*"

Annexed to said deposition was a copy of a notice to take said deposition, and an affidavit of service upon the defendant.

The defendant, within the time required by the 25th rule of court, filed exceptions to said deposition; that the deponent had not taken the oath required by statute, and that there was no caption stating what the statute required.

At an adjourned term, after said action was continued, the plaintiff produced a paper of which the following is a copy:

" Territory of Washington, Kitsop County ss.

Personally appearing the within named Amos Brown, at the post-office in Teekalet, Kitsop County, in Washington Territory, in said county, on the 20th day of September, 1859, at ten o'clock in the forenoon, made solemn oath that the within deposition, by him subscribed, contains the truth, the whole truth, and nothing but the truth, relative to the cause for which it was taken.—Taken at the request of Alson L. Brown, of Campton, N. H., Grafton county, to be used at the Supreme Judicial Court to be held at Plymouth, in and for said county of Grafton, Eastern Judicial District, on the third Tuesday of November next, 1859, in a plea wherein Alson L. Brown, of Campton, is plaintiff, and Joseph Clark is defendant. The said Joseph Clark, as appears by the accompanying evidence of notice, being duly notified, was not present, and did not object. The deponent living more than ten miles from

the place of trial, is the cause of this caption.—Before me, this twentieth day of September, 1859.

GEO. WELLS, *Justice of the Peace.*

Justice's fees, &c. &c., taxed, &c."

The court being satisfied that said paper was signed by the justice who took said deposition, a few days after he had sent the deposition by mail; that he intended said paper to be the caption of said deposition, and to be annexed to said deposition; that he did not annex it to said deposition through accident and mistake; that, on discovcovering his mistake, a few days after he had sent off the deposition, he signed said paper and sent it in an envelope directed to the plaintiff's counsel; ordered, that said paper be filed and annexed to said deposition as the caption thereof. The defendant alleged exceptions to said order, and presented his bill thereof, which was allowed.

*Flint & Bryant,* and *C. R. Morrison,* for the plaintiff, referred to the Comp. Stat., ch. 200, secs. 19, 20; *Currier* v. *Railroad,* 31 N. H. 221; Court Rules 26.

*Pike & Barnard, Clark,* and *Quincy,* for the defendants, referred to Rev. Stat., ch. 188, secs. 20, 21, 23; *Powers* v. *Shepherd,* 21 N. H. 60; *Currier* v. *Railroad,* 31 N. H. 210; *Fabyan* v. *Adams,* 15 N. H. 371; *Bradstreet* v. *Baldwin,* 11 Mass. 229; *Dame* v. *Mace,* 37 N. H. 533.

NESMITH, J. The case finds that the deposition of one Amos Brown had been taken by George Wells, Esq.; a justice of the peace for Washington Territory, to be used on the trial of this case in this county; that this deposition was filed with the clerk of this county, on the first day of the regular November trial term, 1859, in an envelope, directed to the court, and that notice thereof was given to the defendant; that, agreeably to the 25th rule of this

court, then in force, the defendant filed two exceptions to the depositions : first, that the deponent had not taken the oath required by the statute ; second, that there was no caption stating what the statute required.

The 23d section of chapter 200 of the Compiled Statutes provides, that depositions shall be sealed up by the magistrate taking the same, directed to the court or justice before whom they are to be used, with a brief description of the case, and shall be so delivered in court. The statute is directory and plain, and declares, in explicit terms, that the depositions shall be sealed up by the magistrate taking the same. The duty is imposed upon the magistrate himself, before the deposition leaves his hands, to seal it up. The object of this requirement would evidently seem to be, to prevent all opportunity or liability to any abuse, either from substitution of another paper, or from any other supposed tampering with, change, or alteration of, the true deposition. Then the magistrate is to direct it to the court where it is to be used, so that there may be another mark of truth and identity stamped upon it, to prevent imposition, or the presumption of it. As we have understood the practice in this State, these duties of the magistrate taking the deposition have been deemed indispensable. In 1847, in the case of *Andover* v. *Wilmot,* the court set aside the verdict solely upon the exception that depositions were used by the plaintiffs that had not been sealed up, in a proper form, by the magistrate who took the same. In that instance the depositions were folded in an envelope, with suitable directions indorsed thereon, addressed to the court, and sealed ; but the envelope was open at both ends, therefore not sealed up in the sense of the statute. This decision is not yet published, but was duly promulgated as the opinion of the whole court.

The case before us is in principle analogous to *Dame* v. *Mace,* 37 N. H. 535. It was there held that a second certificate, made by the justice who took the depositions orig-

inally, and after the depositions were returned to the court, for the purpose of supplying material omissions in the original official certificate, would not be evidence of the facts embraced therein; that the defects of the original certificate, as required by law in cases of this kind, cannot be supplied by extrinsic evidence, either oral or in depositions. The court state the established practice to be, in case of defects discovered in the certificates of magistrates, that the depositions are returned to the magistrate for the amendment of his certificate, or for a new one to be made; then to be again sealed up and transmitted to the court, as would be done if they had been accidentally transmitted without any certificate. It is the ordinary course to allow depositions to be taken from the files, in order that such amendments may be made. It is not desirable that a practice so simple and convenient should be disturbed. This case comes within the range of this decision; and our opinion, therefore, is, that the deposition, notice, and evidence of service, with the certificate, be returned to the magistrate, for a new certificate to be made and properly indorsed, sealed up, and transmitted to the court, agreeably to the practice above suggested. The exception of the defendant, therefore, prevails in this case.

*Exception sustained.*